TERRI F. LOVE, Judge.
Plaintiff, Eugene Leonard Dudenhefer (“Dudenhefer”), brought this action to be recognized as the owner and placed in possession of a parcel of land in Hopedale, Louisiana. Dudenhefer claimed ownership based on acquisitive prescription. Defendant, Meraux Land Development, L.L.C. (“Meraux Land”), claimed ownership of the parcel in dispute based on a written act translative of title and recorded in the public records. The trial court found Du-denhefer was in good faith and possessed the property in question continuously, openly, without interruption for thirty years within a visible boundary. Meraux appeals the judgment of the trial court. For the reasons discussed in detail below, we reverse the decision of the trial court because Dudenhefer cannot prove ownership of the property in question by acquisitive prescription of ten or thirty years.

DISCUSSION OF THE RECORD

Dudenhefer brought suit to be declared owner of and placed in possession of land between the 1921 mean low water line of Bayou LaLoutre and the southern edge of State Highway 624 in Hopedale, Louisiana. Dudenhefer learned Meraux Land was the recorded owner of the property in dispute when he attempted to sell the property in 1999. Meraux Land came into ownership of said property through 12a chain of transfers of universal and particular titles in subsequent successions and transactions from the original act of sale of Land Investment Company, Inc. Dudenhefer filed suit for ownership based on acquisitive prescription. This matter went to trial on December 12, 2001.
The parties entered into evidence by joint stipulation the following acts of sale:
1. A sheriffs sale dated October 14, 1933, conveying immovable property in St. Bernard parish to Land Investment Company, Inc.;[1] (trans *1240 ferring ownership of the property in dispute)
2. An act of sale dated May 3, 1950, conveying immovable property in St. Bernard Parish from Clifton Joseph Egle to James Monvoisin;[2] (transferring ownership of Lots “Y” and “Z”)
|?,3. An act of sale dated January 13, 1955, conveying immovable property in St. Bernard Parish from James Monvoi-sin to Harold Thomas, Jr.;[3] (transfer *1241 ring ownership of Lot “Z”)
4.An act of sale dated January 13, 1955, conveying immovable property in St. Bernard Parish by James Monvoisin to Eugene L. Dudenhe-fer;[4] (transferring ownership of Lot “Y”)
5. An act of sale dated July 12, 1948, conveying immovable property in St. Bernard Parish by Land Investment Co., Inc. to Lee J. Picou;[5]
6. An act of sale dated April 7, 1949, conveying immovable property in St. Bernard Parish by Lee J. Picou to *1242 Clifton J. Egle;[6]
Dudenhefer and his brother-in-law, Harold A. Thomas, Jr. (“Thomas”), testified they purchased Lots “Y” and “Z,” respectively, from James Monvoisin |4(“Monvoisin”) as a joint investment for the sole purpose of being able to obtain ownership of the property between the bayou and the highway across from their respective lots. For clarity, the property between the bayou and highway across from Lots “Y” and “Z” will be referred to as “Bayou Y” and “Bayou Z.” Neither acts of sale included a description of the property in question. At the time of purchase of Lots “Y” and “Z,” “Bayou Y” and “Bayou Z” had a boat shed and pilings in place. Also at the time of purchase, Dudenhefer entered into an agreement with Monvoisin to allow him ninety days after the date of sale to vacate the boat shed located on “Bayou Y” and “Bayou Z.”
Dudenhefer and Thomas each testified they made improvements to “Bayou Y” and “Bayou Z.” Dudenhefer made improvements to “Bayou Y” between 1955 and 1966 by constructing wharfs around the boat shed, inserting pilings, and constructing a boat hoist. In 1966, Dudenhe-fer stored pilings on “Bayou Y” that would be used in the construction of his house on Lot “Y” that year. Also in 1966, he began to operate a commercial crabbing and fishing business; this business is now a boat launch and convenience store. Dudenhe-fer constructed a paved road for access to and on “Bayou Y.”
Thomas made improvements to “Bayou Z” by constructing a pier and building bulkheads. Thomas also testified, that in 1966 he gave permission to Dudenhefer to place a forty foot container body (i.e. an ice trailer) for use in Dudenhefer’s commercial fishing and crabbing business on “Bayou Z.” Thomas constructed a paved road for access to and on “Bayou Z.”
Dudenhefer testified neither he nor Thomas erected any type of structure to outline the boundaries of “Bayou Y” or “Bayou Z.” He testified a natural boundary line existed.
|fiDudenhefer contends he purchased Lot “Z” and “Bayou Z” from Thomas in an act of sale dated April 27, 1973. The act of sale contained the same property description as the act of sale dated January 13, 1955. However, this act of sale included an additional clause as follows (hereinafter “1973 Clause”):
Also conveyed herein is any and all rights that Vendor or his predecessors in title have to the bayou frontage on Bayou LaLoutre, including all rights of prescription Vendor declaring that he has continuously since his acquisition exercised full ownership, possession and control over the portion of ground in front of the property hereinabove described from the water’s edge of Bayou LaLoutre to the right of way of the Highway Department of the State of Louisiana as had his predecessors in title.
Additionally in support of Dudenhefer’s claim, he and Thomas testified that neither of them could remefnber reading the act of sale in 1955 when they purchased their respective lots, but they thought they had purchased the property in dispute and have acted as if they had full ownership over said property since that purchase. Dudenhefer also testified he sold crabs from his commercial business operated on “Bayou Y” and “Bayou Z” to Joe Meraux. Mr. Meraux was deceased at the time of trial.
In support of its position as owner of the property in question, Meraux Land con *1243 tends that neither Meraux Land nor its predecessors has ever sold, transferred, or subdivided the original tract along the bayou that Meraux Land’s ancestor in title purchased in 1933. Meraux Land has possessed the property by virtue of title since 1933. Meraux Land also introduced testimony from Carol Newman (“Newman”), an expert in title examinations and real estate transactions. Newman testified she had never seen a clause such as the 1973 Clause included in an act of sale. She testified she could not conclude the property as to which the clause was ^attempting to convey prescriptive rights because the description was inadequate to convey rights in immovable property.
The trial court found Dudenhefer and Thomas were in good faith when they purchased the bayou lots in 1955, and they each openly and continuously possessed the property as owners. This included making extensive improvements and opér-ating a commercial fishing business on said property. The trial court did not make a determination as to whether the property was acquired by acquisitive prescription of ten years, but held that Dudenhefer and his ancestors in title acquired the property by acquisitive prescription of thirty years. The trial court found La. C.C. articles 794, 3424, and 3442 requiring possession to be open, without interruption, and within visible boundaries had been satisfied. The trial court ordered that a survey be conducted post-judgment to fix Dudenhefer’s property lines to the water’s edge of Bayou LaLoutre.

STANDARD OF REVIEW

A court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La.1993), citing, Rosell v. ESCO, 549 So.2d 840 (La.1989). Questions of law are resolved by determining whether the trial judge was legally correct or legally incorrect. Delacroix Corporation v. Perez, 98-2447, p. 4 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865, citing, Palmer v. Blue Water Marine Catering, Inc., 95-342 (La.App. 5 Cir. 10/18/95) 663 So.2d 780.

OPINION

On appeal, Meraux Land alleges the trial court committed manifest error by finding Dudenhefer was the owner of the bayou lots by acquisitive prescription of |7thirty years when he failed to prove possession inch-by-inch. Meraux Land alleges the trial court committed manifest error by not acknowledging that the accrual of prescription was interrupted by the 1973 Clause, which admits that Dudenhe-fer and Thomas knew someone else owned the bayou lots. Meraux Land further alleges the trial court also erred by ordering a land survey post-judgment, finding plaintiffs were in good faith, and allowing the plaintiffs to tack acquisitive prescription time. Lastly, Meraux Land contends the trial court manifestly erred by depriving them of their right to due process by supplementing the record post-judgment with a court ordered land survey.
In Dudenhefer’s original petition and on appeal, Dudenhefer contends he was the owner of the property by acquisitive prescription of ten years. The requisites for acquisitive prescription of ten years are: possession of ten years, good faith, just title, and a thing susceptible of acquisition by prescription. La. C.C. art. 3475. A just title is a juridical act, such as a sale, sufficient to transfer ownership or another real right, which must be written, valid in form, and filed for registry in the conveyance records of the parish in which the immovable is situated. La. C.C. art. 3483. For purposes of acquisitive prescription, a *1244 possessor is in good faith when he reasonably believes, in light of objective considerations, that he is owner of the thing he possesses. La. C.C. art. 3480.
In the acts of sale by Monvoisin to Du-denhefer and to Thomas, there is no description of “Bayou Y” or “Bayou Z.” The only reference made in any act of sale, which attempts to convey “Bayou Y” and/or “Bayou Z” to Dudenhefer, is the 1973 Clause contained in the sale of Lot “Z” by Thomas to Dudenhefer.
The 1973 Clause attempted to convey Thomas’ rights including his prescriptive rights to “Bayou Z,” and stated Thomas had continuously exercised |sfull ownership and possession of “Bayou Z” since his acquisition of Lot “Z.” At trial, Meraux Land’s expert witness testified that the clause did not convey any rights to “Bayou Z” because the 1973 Clause did not contain an adequate description of the property. The 1973 Clause describes “Bayou Z” only as the bayou frontage on Bayou LaLoutre. It does not describe the dimensions of “Bayou Z” nor make any reference to any landmarks to describe the property that the 1973 Clause purports to convey.
We find that Dudenhefer does not meet the requirement of just title to be able to obtain ownership of “Bayou Y” or “Bayou Z” by prescription of ten years, because at no point did Dudenhefer have possession of an act translative of title that contained a description of “Bayou Y” or “Bayou Z.”
Ownership and other real rights in immovables may be acquired by the prescription of thirty years without the need of just title or possession in good faith. La. C.C. art. 3486. To acquire possession, one must intend to possess as owner and must take corporeal possession of the thing. La. C.C. art. 3424. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds. La. C.C. art. 794. The possession of the transferor is tacked to that of the transferee if there has been no interruption of possession. La. C.C. art. 3442.
 A person pleading prescription of thirty years bears the burden of proving unequivocal, continuous, uninterrupted, public and adverse possession by a preponderance of the evidence. Gelpi v. Shall, 355 So.2d 1014, 1016 (La.App. 4th Cir.1978), citing, Bradford v. Thomas, 344 So.2d 717 (La.App.2d Cir.1977). Whether a party has possessed property for thirty years without interruption is a factual issue which will not be disturbed on appeal absent a showing of abuse of 19discretion. Delacroix Corp. v. Perez, 1998-2447, p. 3 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865, citing, Rogers v. Haughton Timber Co., Inc., 503 So.2d 1079 (La.App. 2 Cir.1987).
In William T. Burton Industries, Inc. v. Wellman, the Supreme Court reiterated that:
‘(W)here there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds.’ (Emphasis added)
*1245 343 So.2d 996, 999 (La.1977), citing, Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957). “In the absence of title, there is no constructive possession: one has possession only of the area he actually possesses. Actual possession must be either inch by inch possession (pedis possessio) or possession within enclosures.” Chaney v. State Mineral Board, 444 So.2d 105, 108 (La.1983), citing, La. C.C. art. 3426 comment (d).
The first part of the test is of greatest concern to this Court. In light of our earlier determination that neither Duden-hefer nor Thomas had just title to “Bayou Y” or “Bayou Z,” they must be able to show a visible boundary existed to establish what land on the bayou they actually possessed.
Dudenhefer testified and argued that the highway and the canal of the bayou itself established the boundaries of “Bayou Y” and “Bayou Z.” There was no other evidence in the record indicating that Du-denhefer or Thomas erected any fences, walls, markings, or other landmarks that would establish the boundaries of the Improperty they are claiming as “Bayou Y” and “Bayou Z.” Dudenhefer testified that when he began using “Bayou Y” and “Bayou Z,” a boat shed and pilings were in place. Thomas testified that he repaired some bulkheads and constructed new bulkheads as well. Dudenhefer and Thomas also testified that they made improvements to “Bayou Y” and “Bayou Z” by paving a road, constructing wharfs and a boat hoist, inserting pilings, and operating a commercial crabbing and fishing business. However, neither Dudenhefer nor Thomas ever testified where any of these improvements were located on “Bayou Y” or “Bayou Z” or, particularly, that any of them constituted the sort of boundary contemplated by the Civil Code articles and related jurisprudence. There is only the vague reference that the improvements were located on the bayou lots.
Three photographs were entered into evidence. However, it cannot be determined from the photographs the dimensions of the area possessed, the location of the bayou in relation to the highway, or anything else as to Dudenhefer’s activities on the bayou property. These photographs do not assist this Court in determining the dimensions of the land actually possessed or utilized by Dudenhefer or Thomas.
The last piece of evidence introduced into evidence was a property tax report filed by Dudenhefer dated March 7, 1979. The property tax report indicates that taxes were paid on Lot “Y” and Lot “Z,” and it references a boat launch and tin sheds on the bayou side. There is also a hand-drawn map on the back of the tax report showing a boat hoist and two tin sheds. However, no other tax reports, surveys, pictures, business records for the commercial business, or the like were entered into evidence showing where improvements were placed or when they were made.
|T1We are only left to guess as to which areas of the bayou lots Dudenhefer and Thomas actually possessed. We must assume they possessed only the land between the highway and the bayou across from Lots “Y” and “Z,” however, this falls far short of proving what they actually possessed “inch-by-inch” for a period of thirty years. Dudenhefer and Thomas testified only as to what they did on the respective bayou lots in terms of decades, but their testimony lacked specificity as to where the improvements were made at any particular point in time. Furthermore, it is impossible to determine from the record below if the improvements made were so obvious as to put anyone on notice that Dudenhefer and Thomas possessed the bayou lots as owners. This *1246 evidence is insufficient to prove the requirements of inch-by-inch possession within a visible boundary.
Furthermore, the trial court erred by ordering a survey post-judgment to determine the boundaries of the land actually possessed by Dudenhefer and Thomas. Dudenhefer should have submitted a survey or have been able to establish inch-by-inch the land he actually possessed with specificity. The trial court cannot correct a deficiency in the record by ordering a survey post-judgment to determine the actual boundaries the plaintiff should have proven at trial. It is impossible for this Court to evaluate what criteria, if any, the trial court provided the surveyor to use when he conducted the post-judgment survey. We agree with Meraux Land that this post-judgment survey deprived them of an opportunity to refute the survey, thereby depriving them of their right to due process.
The assignments of error relating to Dudenhefer’s and Thomas’ good faith and whether Dudenhefer should have been allowed to tack his prescription time to that of Thomas are moot, as is the issue raised by Dudenhefer regarding ownership of banks of navigable waters.

\ ^DISPOSITION

We find that Dudenhefer is not the owner of “Bayou Y” or “Bayou Z” via acquisitive prescription of ten years, because neither he nor Thomas possessed just title to either of the bayou lots, which is a necessary requirement. We further find that Dudenhefer is not the owner of “Bayou Y” or “Bayou Z” via acquisitive prescription of thirty years, because he cannot establish inch-by-inch possession of the land he actually possessed. Therefore, for the above mentioned reasons, the judgment of the trial court is reversed and judgment is rendered in favor of defendants.
REVERSED AND RENDERED.
PLOTKIN, J., dissents with reasons.

. The act of sale contained the following property description: (1) Section 21, lying North of Bayou LaLoutre; all of Section 16, lying North of Bayou LaLoutre; all of Section 9; all of Section 4, lying South of Bayou St. Malo; Northeast Quarter of Section 19; East Half of Section 18; and the Southeast Quarter of Section 7, containing in all an area of 2242 acres, being situated in Township 14, S.R. 16 East, in the Parish of St. Bernard, Louisiana; (2) Northeast Quarter of Section 30, lying North of Bayou LaLoutre, contain *1240 ing 135 acres, being situated in Township 14, S.R. 16 East, in the Parish St. Bernard, Louisiana; (3) Southeast Quarter of Section 19, containing 160 acres, being situated in Township 14, S.R. 16 East, in the Parish of St. Bernard Parish, Louisiana; (4) Fractional Section 10; the South Half of Section 11; the Southwest Quarter of Section 12; the West Half of Section 13; all of section 14; all of Fractional Section 15, save and except the Fractional Southwest Quarter thereof; all of Section 23, North of Bayou LaLoutre and the West half of Section 24, North of Bayou LaL-outre, containing an area of 1916.38 acres, being situated in Township 14, S.R. 15 East, in the Parish of St. Bernard, Louisiana; (5) North Half of Northwest Quarter of Section 25, all of Fractional Section 24, lying South of Bayou LaLoutre, containing in all an area of 163 acres, being situated in Township 14, S.R. 15 East, in the Parish of St. Bernard Parish, Louisiana.

. The act of sale contained the following property description: Fractional Section 23, North of Bayou LaLoutre, in Township 14 South, Range 15 East, of the Mississippi River in the Parish of St. Bernard, Louisiana, and being designated by the Lot Number TWENTY TWO (22) on a plan of Hopedale Subdivision No. 1 of parts of Sections 14, 15, 23, and 24 north of Bayou LaLoutre in Township 14 South, Range 15 East, made by Victor E. Hawkins, Surveyor, dated October 8th, 1936, and revised February 21, 1941, annexed to an Act before Gladys L. Ziegan, Notary Public in and for the parish of Orleans, dated December 12, 1945, which herein described lot measure two hundred one and seventy-eight hundredths (201.78’) feet front on Hopedale Highway right of way, two hundred and ten hundredths (200.10) feet in width in the rear, by a depth of five hundred twenty-five and twenty-one hundredths (525.21’) feet along the division line of Lot No. 21 and by a depth of five hundred one and two hundredths (501.21’) feet along the lower division line dividing said lot herein from Lot No. 23; LESS AND EXCEPT THEREFROM THE FOLLOWING DESCRIBED PROPERTY WHICH WAS PREVIOUSLY SOLD BY CLIFTON JOSEPH EGLE TO HAROLD A. THOMAS, JR., PER ACT BEFORE L.M. VINSANAU, NOTARY PUBLIC, DATED SEPTEMBER 1, 1949, REGISTERED IN C.O.B. 53, FOLIO 119:
A fifty foot strip of ground taken from the side of the above described line between Lot 21 and Lot 22, and running thence, in the direction of Lot 23, ad distance of fifty and thirty hundredths (50.30’) feet front on Hope-dale Highway, or Bayou LaLoutre, the same width in the rear by a depth of 525.21 feet on the dividing line between Lot 22 and Lot 21 and by a depth of 519.17 feet on the opposite side line.
And the property here conveyed by vendor to purchaser is designated by the Lot No. 22-A on a sketch of survey made by Harry E. Sutch, Surveyor, dated April 16, 1950, a blue print of which is annexed hereto, and, according thereto, the said Lot. No. 22-A is described as follows: Commencing at the pint where the dividing line between the original lots Nos. 22 and 23 (as designated on above mentioned plan of Victor E. Hawkins) meets the Hopedale Highway, the said Lot No. 22-A measures, in the direction of the original Lot No. 21, or in a westerly direction, 151.48 feet front on Hopedale Highway right of way, to the dividing line between Lots 22-A and 22-B; thence, in a northerly direction, along the dividing line between Lots 22-A and 22-B, a distance of 519.17 feet; thence, in an Easterly direction, a distance of 151.10 feet; thence, in a southerly direction, along the dividing line between Lots 22-A and 23, a distance of 501.02 feet, to the point of beginning.

. Fractional Section 23, North of Bayou LaL-outre, in Township 14 South, Range 15 East, of the Mississippi River in the Parish of St. Bernard, Louisiana, and being designated as a portion of Lot 22 on a plan of Hopedale Subdivision No. One of parts of Sections 14, 15, 23, and 24 North of Bayou LaLoutre in Township 14 South, Range 15 East, made by *1241 Victor E. Hawkins, Surveyor, dated October 8th, 1936, and revised February 21, 1941, annexed to an Act before Gladys L. Ziegan, Notary Public in and for the parish of Orleans, dated December 12, 1945; which Lot No. 22 was subdivided into Lots 22-A and 22-B on a plan of survey made by H.E. Stuch, Surveyor, dated April 26, 1950, a blueprint of which is annexed to an act of sale by Clifton Joseph Egle to James Monvoisin, passed before Robert L. Hickerson, Notary Public for the Parish of Orleans, dated May 3rd, 1950, registered in the Parish of St. Bernard in Conveyance Book 53, folio 456. The portion of the said Lot 22-A here conveyed by vendor to purchaser, is designated by the letter "Z” measures, commencing at the intersection of Hopedale Highway and the dividing line between Lots 22-A and 23, a depth of 501.02 feet on the said side line dividing lot 22-A from Lot 23; and measures, thence, a width in the rear, in a westerly direction, 63.05 feet; and measures thence, in a southerly direction, along a line parallel to the side line dividing Lots 22-A and 23, of approximately 508.57 feet to the Hopedale Highway; and thence, in an easterly direction to the point of beginning, a distance along Hopedale Highway of approximately 63.165 feet.

. Fractional Section 23Í North of Bayou LaL-outre, in Township 14 South, Range 15 East of the Mississippi River in the Parish of St. Bernard, Louisiana, and being designated as a portion of Lot 22 on a plan of Hopedale Subdivision No. One of parts of Sections 14, 15, 23, and 24 North of Bayou LaLoutre in Township 14 South, Range 15 East, made by Victor E. Hawkins, Surveyor, dated October 8th, 1936, and revised February 21, 1941, annexed to an Act before Gladys L. Ziegan, Notary Public in and for the Parish of Orleans, dated December 12, 1945; which Lot No. 22 was subdivided into Lots 22-A and 22-B on a plan of survey made by H.E. Sutch, Surveyor, dated April 26, 1950, a blueprint of which is annexed to an act of sale by Clifton Joseph Egle to James Monvoisin, passed before Robert L. Hickerson, Notary Public for the Parish of Orleans, dated May 3rd, 1950, registered in the Parish of St. Bernard in Conveyance Book 53, folio 456. The portion of said Lot 22-A here conveyed by vendor to purchaser is designated by the letter "Y” on a rough sketch which is annexed hereto; and according thereto, the said Lot "Y” commences at a distance of approximately 25.15 feet from the intersection of Hope-dale Highway, and the side line dividing Lots 22-B and 22-A, and measures, thence, along the westerly side approximately 516.17 feet to the rear line of said tract; thence, along the rear line, in an easterly direction, a width of approximately 63.5 feet; thence, in a southerly direction, along a line parallel to the line dividing Lots 22-B and 22-A, a distance of approximately 508.57 feet; thence, along Hopedale Highway, in a westerly direction, to the point of beginning, a distance of approximately 63.165 feet.

. The act of sale contained the following property description: Fractional Section 23, north of Bayou LaLoutre, in Township 14 South, Range 15 East, of the Mississippi River in the Parish of St. Bernard, State of Louisiana, and being designated by the Lot Number TWENTY-TWO (22) on a plan of Hopedale Subdivision No. 1 of parts of Sections 14, 15, 23, and 24 north of Bayou LaLoutre in Township 14 South, Range 15 East, made by Victor E. Hawkins, Surveyor, dated October 8, 1936, and revised February 21, 1941, annexed to an Act before Gladys L. Ziegan, Notary Public in and for the parish of Orleans, dated December 12, 1945, which herein described lot measure two hundred one and seventy-eight hundredths (201.78’) feet front on Hopedale Highway right of way, two hundred and ten hundredths (200.10') feet in width in the rear, by a depth of five hundred twenty-five and twenty-one hundredths (525.21') feet along the division line of Lot No. 21 and by a depth of five hundred one and two hundredths (501.21') feet along the lower division line dividing said lot herein from Lot No. 23.

. Same property description as Footnote 5.