901 So.2d 1188 (2005)
DELACROIX CORPORATION
v.
Lynn B. DEAN and Elevating Boats, Inc.
No. 2004-CA-0899.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 2005.
*1190 James E. Blazek, Donna M. Borrello, Adams and Reese LLP, New Orleans, LA, for Plaintiff/Appellee.
Laurence E. Best, Susan R. LaPorte, Best Koeppel, APLC, New Orleans, LA, for Defendants/Appellants.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge JAMES F. McKAY, III, Judge DENNIS R. BAGNERIS, SR.).
PATRICIA RIVET MURRAY, Judge.
Defendants, Lynn Dean and Elevating Boats, Inc. [hereinafter collectively referred to as "Dean"], appeal the trial court's judgment granting to the plaintiff, Delacroix Corporation ["Delacroix"], following trial on the merits, a permanent injunction ordering Dean to cease trespassing on Delacroix's property. The trial court also denied Delacroix's motion for sanctions, denied various exceptions asserted by Dean, and denied Dean's reconventional demand. For the reasons that follow, we affirm.

FACTS AND PROCEEDINGS BELOW
The instant case involves a dispute over the ownership of and the right to use certain property known as the Caernarvon Canal, which is a manmade canal located in Section 6, Township 14 South, Range 13 East, in Plaquemines Parish. On September 30, 1999, Delacroix filed a Petition to Enjoin Trespass alleging that it holds title to the Caernarvon Canal and that Dean had trespassed by mooring and maintaining *1191 elevating boats on one side of the canal and by filling in the head of the canal and building a boat launch, which activities Dean had continued despite Delacroix's formal demand on November 11, 1998 that he cease. Delacroix later filed a motion for preliminary injunction in addition to its petition.
Dean initially asserted exceptions of no right of action (based on the assertion that Delacroix was not the owner of the canal), prematurity (based on the assertion that the issue of ownership must be determined prior to the trespass issue) and failure to join an indispensable party (based upon the nonjoinder of Plaquemines Parish, which Dean claimed was the owner of the canal).[1] Dean also asserted a reconventional demand instituting a possessory action against Delacroix. The trial court granted Delacroix's exception of prescription dismissing the reconventional demand, and this court granted Dean's writ application but denied relief, holding that Dean had no basis for asserting a possessory action.[2] On December 4, 2003, Dean filed an amended answer in which he asserted a new reconventional demand claiming that he had title superior to Delacroix's and alternatively, that he became owner of the canal by means of the acquisitive prescription of ten years or alternatively, of thirty years. Within its answer to this reconventional demand, Delacroix moved for sanctions against Dean for Dean's allegedly deliberate attempt to delay trial; the motion for sanctions was referred to the merits.
The merits of the preliminary injunction, the motion for sanctions, the remaining exceptions and the reconventional demand were tried on January 5-8, 2004. On February 20, 2004, the trial court rendered judgment granting a preliminary injunction prohibiting Dean from trespassing on Delacroix's property, and denying Delacroix's motion for sanctions, Dean's reconventional demand, and Dean's exceptions of no right of action, prematurity, and the failure to join an indispensable party.
In written Reasons for Judgment, the trial court noted it had to decide the issue of title to the property before reaching the other issues. After noting that the two title experts who testified reached different conclusions despite relying upon essentially the same documents, the trial court found the analysis and conclusion of Delacroix's expert, Mr. Jackson, to be more credible than those of Dean's expert, Mr. Title. Accepting Mr. Jackson's conclusion, the trial court held that Delacroix is the owner by title of the canal. With regard to the issue of acquisitive prescription, the trial court noted that the party alleging either the ten-year or the thirty-year prescription must prove not only that he has possessed as owner for the requisite amount of time, but also that his possession has been continuous, uninterrupted, peaceable, public, and unequivocal.[3] The trial court found Dean failed to meet this burden because he did not make his intent to possess as owner public, so as to put Delacroix on notice of same, until 1998, when Dean applied for a permit to do driveway work. The court also found that *1192 Dean's claim of acquisitive prescription of ten years was defeated by his lack of a just title.[4] Turning to the issue of trespass, the court noted that the plea of acquisitive prescription by the defendant in a trespass action is a two-edged sword, because if acquisitive prescription is not proved, the defendant has admitted to trespass. Nevertheless, the trial court held that Delacroix had proved, by means of testimony and photographs, that Dean had trespassed on their property on numerous occasions, particularly by stacking derelict vessels in the canal and by filling in the head of the canal and building a boat launch. Finally, the trial court noted that Dean had unduly delayed the trial, but declined to impose sanctions.[5]
Following the rendition of the judgment granting the preliminary injunction, Delacroix moved for entry of a final judgment and permanent injunction. The motion was granted, and final judgment issuing a permanent injunction was rendered March 1, 2004.
Dean now appeals that judgment. On appeal, Dean asserts four assignments of error: (1) the trial court erred by concluding that Delacroix has title; (2) the trial court erred by finding that Dean failed to prove acquisitive prescription of ten or thirty years; (3) the trial court committed reversible error by refusing to admit evidence allegedly showing the original location of the canal, which evidence was proffered by Dean; and (4) the trial court failed to specifically identify the property governed by the judgment. We address each issue in turn.

TITLE
It is undisputed that the Caernarvon Canal was built by the Phillips Land Company ["Phillips"] on its own property sometime prior to 1912. A canal built on private property with private funds for private purposes is subject to private ownership. National Audubon Society v. White, 302 So.2d 660, 665 (La.App. 3d Cir.1974). Both parties in the instant lawsuit trace their titles back to the Phillips Land Company. Delacroix contends that it acquired title to the canal in a sale from Acme Land Company ["Acme"] in 1929. The 1929 act of sale and all the preceding acts of sale in Delacroix's chain of title were introduced at trial without objection. Delacroix's title specifically lists property acquired in Section 6, Township 14 South, Range 13 East, as:
A portion of land on East Bank of Mississippi River at Caernarvon, Plaquemines Parish, bounded on the upper or East side by boundary line dividing St. Bernard and Plaquemines Parishes, and bounded on the lower or West side by property of Norman Towne, approximately 1600 feet front on the river by a depth of 40 arpents, more or less, and bounded in the rear by Section 27, Township 14 South, Range 13 East, including the Caernarvon or Phillips Navigation Canal.
(Emphasis added).
Dean also traces his title back to Phillips, but he contends that in 1917, before Acme acquired the property that it eventually transferred to Delacroix, Phillips sold the Caernarvon Canal as part of a transfer of *1193 property to the Caernarvon Drainage District ["CDD"]. Therefore, the crux of the title dispute at trial was the interpretation of the August 8, 1917 act of sale between Phillips and the CDD.
Louisiana law has long held that in order to convey property, an act of sale must clearly describe the property so that it may be located. As the Louisiana Supreme Court has stated:
The description in a deed must be such that the property intended to be conveyed can be located and identified, and the general rule is that the description must fully appear within the four corners of the instrument itself, or that the deed should refer to some map, plat or deed as part of the description, so that the same may be clear.

Cupples v. Harris, [202 La. 336,] 11 So.2d 609, 611 (La.1942) (citation omitted); quoting Hargrove v. Hodge, [9 La. App. 434,] 121 So.2d[So.] 224, 225 (La. App.2d Cir.1928).
Considering both the expert testimony on this subject and the documents themselves according to this standard, the trial court determined that the 1917 act of sale did not convey the Caernarvon Canal. This determination of the trial court is a factual finding that cannot be overturned on appeal absent manifest error. According to this standard, where there is conflicting evidence, the trial court's reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed by the appellate court. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973).[6] We must therefore determine whether the trial court's conclusion is reasonable based on the record.
There were four experts whose testimony was relevant to the issue of title: two land surveyors, Stephen Estopinal and Ralph Gipson; and two experts in real estate law / transactions, Peter Title and Rader Jackson. Of those experts, Mr. Gipson and Mr. Jackson opined that the Caernarvon Canal was not transferred to the CDD in the 1917 act of sale; Mr. Title opined that it was so transferred; and Mr. Estopinal testified that he could not say because he believed it was beyond the expertise of a surveyor to give an opinion on that issue. The trial court specifically noted that it found Mr. Jackson to be more credible than Mr. Title. Mr. Jackson testified that the primary basis for his opinion was that the 1917 act does not refer to the "Caernarvon Canal" or to the "Phillips Navigation Canal" by name, nor does it make reference to any "navigation" canal. Mr. Jackson stated that the act was very detailed and descriptive, and that it expressly indicated the intent of the seller, Phillips, to convey a system of levees and canals for drainage purposes. He found no intent to convey the Caernarvon Canal; moreover, he found that the act evidenced the contrary intent because all the property expressly conveyed was situated within Subdrainage District Number 1 and Phillips Land Unit Number 1 (both of which were within the CDD), but the Caernarvon Canal was clearly outside the CDD. According to Mr. Jackson, the purpose of the sale was to allow the CDD to construct levees and canals around its perimeter so that the land inside would remain dry and be suitable for farming. Mr. Jackson drew further support for his opinion from certain extrinsic evidence, namely, the prior 1917 act of sale between Phillips and Roderick Seal. In that act, *1194 Phillips conveyed land adjacent to the "Navigation Canal" and also expressly gave the purchaser a limited right to use that canal, with the caveat that the purchaser was not to obstruct the canal and was to respect the rights of other licensees to use the canal. According to Mr. Jackson, this act of sale, executed a few months prior to the sale to the CDD, was significant because it evidenced an awareness by Phillips that the Navigation Canal (or Caernarvon Canal) was a commercial canal in use for transportation, rather than a drainage canal.
Mr. Title did not dispute that the 1917 act of sale to the CDD does not name the Caernarvon Canal or any "navigation canal." He also did not dispute that the Caernarvon Canal was not located within the CDD, as was the other property transferred. In fact, all four experts agreed that the Caernarvon Canal was not located within the boundaries of the CDD.
Mr. Title's opinion that the Caernarvon Canal was conveyed to the CDD was based upon his interpretation of certain maps and diagrams drawn by Peter Guerin, the surveyor appointed for the 1917 act of sale. Mr. Title's opinion is that the Caernarvon Canal was one of the "outer canals" shown on the maps, and as such was a part of the property transferred to the CDD. However, as Mr. Jackson pointed out, there was no map done contemporaneously with the act of sale or attached to it; one of the maps Mr. Title relied upon was done by Mr. Guerin in 1913, and another was done in 1916, but both predated Mr. Guerin's appointment as surveyor for the 1917 sale. Moreover, the "outer canals" shown were all within the CDD, not outside of it. According to Mr. Jackson, the Caernarvon Canal was termed the "Navigation and Outfall Canal" and the "Navigation Canal of the Prairie Drainage District," respectively, on these maps; it was not an "outer canal," and therefore was not included in the 1917 sale either directly or indirectly by map reference.
In addition to the evidence supporting Delacroix's chain of title, Dean's purported title, derived from a 1961 sale, describes Dean's property as being bounded on the west side by the "upper bank of the Navigation Canal of the Phillips Land Company." Therefore, the act on its face does not appear to convey the canal itself.
Considering the evidence, we cannot say it was manifestly erroneous for the trial court to find that Delacroix proved it had title to the Caernarvon Canal. There clearly was a reasonable basis in evidence for the opinions of Delacroix's experts, Mr. Gipson and Mr. Jackson. When there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).
Dean also argues that Delacroix's allegation of ownership converted its trespass action into a petitory action under La. C.C.P. art. 3651, thereby requiring that Delacriox "prove title against the world." Dean contends that the trial court committed legal error by adopting the wrong burden of proof, requiring Delacroix to prove only a better title than Dean's. See La. C.C.P. art. 3653. The Louisiana Supreme Court rejected this same argument in Harvey v. Havard, 287 So.2d 780 (1973), wherein the Court clarified that a trespass action is not one of the real actions (petitory, possessory, or boundary) provided for in the Code of Civil Procedure. Id. at 783. The Court held that where the plaintiff brings an action for trespass to his land and proves title, it is no defense for the trespasser to merely show possession; instead, the defendant must prove ownership by title or acquisitive prescription. Id. at 782-784. Moreover, we find that in the instant case, Delacroix met the more stringent *1195 burden by showing an unbroken chain of title from a previous owner. See La. C.C.P. art. 3653. We therefore reject Dean's contention that the trial court committed legal error in this respect.
Accordingly, we conclude that the trial court did not err by finding Delacroix to be the owner of the Caernarvon Canal.

ACQUISITIVE PRESCRIPTION/TRESPASS
Dean's second argument is that the trial court erred by failing to find that Dean proved ownership of the canal by acquisitive prescription of either ten or thirty years. The trial court specifically found that Dean lacked a just title, which is necessary for the ten-year prescription, and that Dean did not possess publicly as owner until 1998, when he applied for a permit to do driveway work on the portion of the canal he had filled in.
Acquisitive prescription is a mode of acquiring ownership of immovable property or real rights by possession. La. C.C. art. 3446. Property may be acquired by ten-years possession, with just title and good faith, or by thirty-years possession, without the requirement of just title or good faith. La. C.C. arts. 3473 and 3486. The party alleging acquisitive prescription must prove, by a preponderance of the evidence, the intent to possess as owner and that his possession has been continuous and uninterrupted, peaceable, public, and unequivocal. La. C.C. arts. 3476 and 3488; Delacroix Corporation v. Perez, 98-2447, p. 3 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865. Every presumption is in favor of the titleholder rather than the party alleging adverse possession. Id., pp. 3-4, 794 So.2d at 865. Whether the party alleging prescription has possessed for the required amount of time without interruption is a factual issue, which is reviewed under the manifest error standard. Id., p. 4, 794 So.2d at 865.
Acquisitive prescription does not run in favor of a precarious possessor, that is, one who possesses with the permission of the owner or on behalf of the owner. La. C.C. art. 3477; Id., p. 5, 794 So.2d at 866. The intent to possess as owner must be express rather than covert. Although the intent may be implied from possession that is open, notorious, public, continuous and uninterrupted, to the exclusion of the owner, there must be strong evidence that gives the owner some notice that his property is in jeopardy. Id., p. 10, 794 So.2d at 869.
The trial court found that Dean did not possess publicly as owner, so as to put Delacroix on notice of same, until 1998 when Dean applied for a permit to construct a driveway / boat launch on the property. Prior to this time, Dean's mooring of elevating boats on one side of the canal and his other activities could have been construed as having been done with Delacroix's permission. The evidence showed that Delacroix historically had allowed others to use the canal. None of Dean's actions prior to 1998, when he began to construct a boat launch at the head of the canal and applied for a permit to do so, publicly evidenced his intent to possess as owner. We therefore cannot say the trial court committed manifest error in making this determination.
Additionally, we find that the evidence in the record is insufficient to show that Dean maintained the corporeal, or "inch by inch," possession that is required for acquisitive prescription. In the absence of title, one has possession only of the area he actually possesses, such as by enclosures or boundaries, and he must prove his possession "inch by inch," which is actual, physical, corporeal possession over the entire amount of land claimed. Chaney v. State Mineral Board, 444 So.2d 105, 108 (La.1983). The photographs introduced *1196 into evidence showed that the exact location of Dean's elevating boats varied over time, and that no one boat remained in the same place for thirty years. There is no portion of the canal over which Dean maintained "inch by inch" possession for thirty years.
We also find no manifest error in the trial court's conclusion that Dean failed to establish ten-years prescription because he lacked a just title. A just title is a juridical act, such as a sale, sufficient to transfer ownership, which must be in proper form and be properly recorded. La. C.C. art. 3483. Comment (b) of the 1982 Revision Comments to Civil Code article 3483 states that the law merely requires an act which, if it were executed by the true owner, would have conveyed ownership. However, in order to be translative of title, the act must contain a description of the property. In Leonard v. Meraux Land Development, L.L.C., 02-0863, pp. 7-9 (La.App. 4 Cir. 2/26/03), 840 So.2d 1238, 1243-44, writ denied, 03-0854 (La.5/30/03), 845 So.2d 1055, we held that an act of sale that did not adequately describe the property to be conveyed could not constitute a just title for purposes of acquisitive prescription. In the same way, the 1961 act of sale transferring certain property to Dean cannot constitute a just title because the Caernarvon Canal is not named or described in that act. Therefore, we find the trial court did not err by determining that Dean lacked a just title.
As our review of the record does not reveal any manifest error, we decline to disturb the trial court's finding that Dean failed to prove ownership of the Caernarvon Canal by means of the acquisitive prescription of ten or thirty years.
Moreover, as the trial court recognized, evidence of possession submitted to prove acquisitive prescription in defense to a trespass action generally serves as an admission of trespass if acquisitive prescription is not proved. In the instant case, Lynn Dean testified that he had filled in the head of the Caernarvon Canal with rip-rap and had constructed a boat launch. Other witnesses testified that Dean had stacked derelict vessels in the canal, and Delacroix introduced numerous photographs showing these acts of trespass. Accordingly, we find the trial court did not err by concluding that Delacroix proved trespass on its property by Dean.

EXCLUSION OF EVIDENCE
Dean contends the trial court committed prejudicial error by refusing to allow defendants to introduce certain ownership evidence produced after the discovery cutoff date. In the appellant brief, Dean also contends the trial court erred by refusing the defendants' request to reopen discovery. The trial court has broad discretion in regulating pretrial discovery, which should not be disturbed absent an abuse of discretion. Moak v. Illinois Central Railroad Co., 93-0783 (La.1/14/93), 631 So.2d 401, 406. We find no abuse of discretion in the instant case, and we therefore decline to disturb the trial court's rulings.

DESCRIPTION OF PROPERTY IN JUDGMENT
Dean's final argument on appeal is that the final judgment rendered in the instant case fails to describe the immovable property affected with particularity, as is required by La. C.C.P. arts. 1919 and 2089. The March 1, 2004, judgment states that it is relative to "the immovable property located in Section 6, Township 14 South, Range 13 East, Plaquemines Parish." It does not use the term "Caernarvon Canal."
Nevertheless, as we have noted, this is not a petitory or real action, but a suit to enjoin trespass. Although Delacroix's ownership of the property was at issue in the litigation, the judgment rendered *1197 was a permanent injunction against trespass by Dean on Delacroix's property. The judgment did not change the ownership of the property, to which Delacroix holds record title. Therefore, we do not believe the judgment is one "which affect(s) title to immovable property" within the terms of La. C.C.P. arts. 1919 and 2089. That is, the judgment does not have to describe the property with particularity such that third persons can locate it, but only sufficiently so that the defendants herein can comply with the injunction to cease their trespassing. We believe the description of the property in the final judgment is sufficient to meet this standard. We therefore reject this assignment of error.

CONCLUSION
Accordingly, for the reasons stated, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The first time Dean claimed ownership by title to any portion of the canal was in his amended answer filed by leave of court on December 4, 2003, as discussed infra.
[2] This court held that Delacroix's institution of the instant trespass action did not constitute a disturbance in fact or law of Dean's possession, which is a required element of a possessory action under La. C.C.P. art. 3659. See Dean v. Delacroix Corporation, XXXX-XXXX, pp. 2-3 (La.App. 4 Cir. 8/27/03), 853 So.2d 769, 771.
[3] See La. Civ.Code arts. 3476 and 3488; Delacroix Corporation v. Perez, 98-2447, p. 3 (La.App. 4 Cir. 11/8/00), 794 So.2d 862, 865.
[4] See La. Civ.Code art. 3475.
[5] Delacroix has not appealed the trial court's failure to impose sanctions. The Reasons for Judgment do not address the court's denial of Dean's exceptions, which denial Dean has not assigned as error on appeal. The Reasons for Judgment do, however, discuss the issue of whether Delacroix had dedicated a portion of its property for public use. We omit discussion of this issue because Dean did not assign it as error nor brief the issue in his original appellant brief, although it was mentioned in his reply brief. We therefore consider this issue as abandoned. See Rules 2.12-4 and 2.12-6, Uniform Rules, Courts of Appeal.
[6] Dean argues that the trial court committed legal error by misinterpreting the evidence of his title, which requires a de novo review of the record on appeal. This argument has no merit. The trial court made factual determinations based on the testimony and evidence presented at trial.