McCLENDON, J.
jyPlaintiff, Margaret Yassil Koles, filed a petition to fix a boundary,[1] and for eviction and damages, against adjacent landowners, Paul Glenn Richardson and Diane LeBlanc Richardson. After hearing the evidence, the trial court accepted the survey and description relied on by Mrs. Koles, set the boundary line, found that Richardsons’ building encroached on Mrs. Koles’ property, awarded damages for the trespass, and ordered that the building be removed, unless Mrs. Koles agreed to lease or sell the land subject to the encroachment. The defendants, the Richardsons, appealed. We affirm.
This is essentially a boundary dispute. From our review of the record, the trial court could have reasonably found that a predecessor in title to the Richard-sons acknowledged that the Koles’ boundary was east of the canal, that the Koles family notified the Richardsons about the dispute over the boundary before the construction of the Richardson building, that the former fence line to the east of the Koles’ property closely approximated the survey line submitted by the Koles, and that the failure of Mrs. Koles’ surveyor to follow certain requirements for surveys did not invalidate the placement of plaintiffs eastern boundary line. From these and other factual ^determinations based on the evidence submitted at trial,[2] the trial court had a reasonable basis for choosing the boundary line asserted by Mrs. Koles in favor of the line submitted by the Richard- *607 sons. Although there was some evidence from both parties on the issue of acquisitive prescription, the Richardsons failed to submit proof of acquisitive prescription of ten or thirty years sufficient to rebut the showing by Mrs. Koles.
A factfinder’s choice between two permissible views of the evidence, including the location of a boundary, cannot be manifestly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Secret Cove, L.L.C. v. Thomas, 02-2498, p. 6 (La.App. 1 Cir. 11/7/03), 862 So.2d 1010, 1016, writ denied, 04-0447 (La.4/2/04), 869 So.2d 889. The standard of review is the same when the trial court makes credibility determinations between competing expert witnesses. See Sharkey v. Sterling Drug, Inc., 600 So.2d 701, 718 (LaApp. 1 Cir.), writs denied, 605 So.2d 1099, 1100 (La.1992). From our thorough review of this record, we cannot say that the trial court committed manifest or clear error in its choices in this case. Based on those facts, we find no error in the trial court’s setting of the boundary, finding of an encroachment, or award of damages for trespass.
On the issue of the Richardsons’ bad faith, we first note that the finding of bad faith by the trial court involved the issue of whether a predial servitude should be granted as allowed by LSA-C.C. art. 670; not whether the Richardsons had acquired ownership through good faith and just title. See LSA-C.C. art. 487; Winingder v. Balmer, 93-0874 (La.App. 4 Cir. 2/11/94), 632 So.2d 408, 413-14. Specifically, LSA-C.C. art. 670 provides that the trial court “may” grant a predial servitude if (1) the trespasser was in [/‘good faith” and (2) the owner did not “complain” within a reasonable time before the building was substantially complete. Thus, even with a trespasser in good faith at the beginning of the construction, a timely complaint within a reasonable time would, in most cases, place the grant of a predial servitude beyond the discretion of the trial court. See Pruitt v. Barry, 551 So.2d 726, 730-32 (La.App. 1 Cir.), writ denied, 553 So.2d 465 (La.1989); see generally Winingder, 93-0874, 632 So.2d at 412-13, citing A.N. Yiannopoulos, Predial Servitudes § 24, in 4 Louisiana Civil Law Treatise (1983). In addition, article 670 does not limit the requisite complaint to the filing of a suit. See Pruitt, 551 So.2d at 728-29 & 731.
At trial, Mr. Richardson testified that he approached a member of the Koles family, Chris Olah, about the correct position of the boundary and possibility of buying the land necessary for the Richardsons to build their store. Mrs. Koles’ son, Frank Koles, met with Mr. Richardson and notified him of the Koles’ claim of ownership and possession. Despite the conversation, Mr. Richardson admittedly removed the fence to the east of the canal, the boundary line claimed by the Koles.[3] Mr. Richardson also removed a rope the Koles put up in an attempt to reconstruct the fence. In the same month that the building’s foundation was started, October of 2000, Mr. Koles sent the Richardsons’ attorney a letter complaining of the removal of the fence and asserting the Koles’ ownership and possession of the property in dispute. A second letter asserting ownership and possession of the disputed property was sent on February 23, 2001. The second letter referenced a prior telephone call with the Richardsons’ attorney concerning the boundary dispute. The building was completed on June 18, 2001. | Although *608 we may have found differently on the issue of bad faith, under these particular facts we cannot say that the trial court’s refusal to grant a predial servitude under Civil Code article 670 was clearly wrong or an abuse of the trial court’s discretion. See Pruitt, 551 So.2d at 731-32.
For these reasons, we affirm the judgment of the trial court. The costs of the appeal are assessed to the defendants-appellants, Paul Glenn Richardson and Diane LeBlanc Richardson.
AFFIRMED.
WELCH, J., concurs in part and dissents in part.

. The petition alleged ownership and possession as a basis for setting of the boundary. We find no error in the dual allegations in a boundary action. Louisiana C.C.P. art. 3693 requires the court to fix a boundary "in accordance with the ownership or possession of the parties.” See also LSA-C.C. art. 792. The Richardsons also argue that Mrs. Koles improperly cumulated a possessory action with a petitory action in contravention of LSA-C.C.P. art. 3657. While we note that the record contains references to a petitory action, we again find no reversible error. Mrs. Koles did not file a possessory action, and her references in the petition to quieting title concern the boundary dispute. Even if Mrs. Koles inadvertently converted her boundary action to a petitory action, the result here would be the same. The trial court found that Mrs. Koles proved ownership, and the court set the boundary accordingly. See LSA-C.C.P. art. 3653(2) & C.C. art. 792; see also Delacroix Corporation v. Dean, 04-0899, p. 9 (La.App. 4 Cir. 4/13/05), 901 So.2d 1188, 1194-95.

. Although the Richardsons assert the trial court erred in maintaining the Koles’ hearsay objection, we find no manifest error or undue prejudice. The Richardsons did not demonstrate that the statements sought qualified as statements against interest. See LSA-C.E. art. 804 B(3).

. Although Mr. Richardson claimed that his store and parking lot were constructed on their property several feet east of the former fence line, the Koles submitted evidence disputing Mr. Richardson’s recollection of the location of the former fence.